IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| DELACY A. RYALS, | : | |
| Plaintiff, | : | |
| | : | Case No. 4:22-cv-00011-CDL-MSH |
| v. | : | |
| NATALIE MURPHREE, *et.al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : | Before the U. S. Magistrate Judge |
| | : | |

## ORDER

*Pro se* Plaintiff Delacy A. Ryals filed a handwritten document that was docketed in this Court as a 42 U.S.C. § 1983 complaint. ECF No. 1. Plaintiff did not pay the filing fee or request leave to proceed without pre-payment of the filing fees. If Plaintiff wishes to proceed with this case, he must either pay the filing fee or motion this Court to proceed *in forma pauperis*.

On January 18, 2022, the Plaintiff was issued a deficiency notice regarding his pleadings. Plaintiff did not respond to the deficiency notice as directed. Instead, Plaintiff filed another handwritten document titled "Motion for Summary Judgment as Attorney Fees $42,622.50". ECF No. 2. Plaintiff's motion for summary judgment is remarkably premature and is thus **DENIED**.

### PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint is a vague pleading teeming with legalese. *See* ECF No. 1. Besides the litany of statutory references, Plaintiff states "for a claim of false arrest and

false imprisonment for false imprisonment [Plaintiff] wants to be conversated damage for $580,000 and in svetion for immeadiate punitive damage for $50,000 for pain and suffering in very hazardous to health environment alists conditions due to covid 19 pandemic". *Id*. The Plaintiff gives no dates when the false arrest and imprisonment occurred. *Id*. Moreover, he fails to describe what actions by the Defendants led Plaintiff to file his Complaint and whether he suffered any injury. *Id*. Thus, the Court cannot discern whether the Plaintiff is describing past events or ongoing events including whether he is still incarcerated, or if not, how long he was incarcerated.

Because Plaintiff is proceeding pro se, **the Court will afford Plaintiff one opportunity to remedy the defects** as explained herein. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it."). Accordingly, if Plaintiff wishes to proceed with this case, he must recast his complaint on the Court's required 42 U.S.C. § 1983 complaint form and take the Court's advice to simply state his grievance in everyday language.

The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins.Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982). Thus, Plaintiff's amended complaint will take the place of his original complaint. In other words, the Court will not refer back to the original complaint to see if Plaintiff has stated viable claims.

The recast complaint must contain a caption that clearly identifies, by name, each

individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. It is also recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant[1]:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct? Is he a supervisory official? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions? If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population. If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5) *What* did this defendant do (or not do) in response to this knowledge?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants; **he also need not use legal terminology or cite**

---

[1] Plaintiff has named "Natalie Murphree Attorney for Defendant" as a defendant in this pleading. Plaintiff is advised that 42 U.S.C. § 1983 only applies to civil rights violations committed by individuals acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). A criminal defense attorney, whether privately retained or court appointed, does not act on behalf of the State. *Polk Cty. v. Dodson*, 454 U.S. 312, 318-24 (1981). Thus, a § 1983 claim against a criminal defense attorney or public defender based on that attorney's legal representation in a criminal case is subject to dismissal.

***any specific statute or case law to state a claim,*** although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified.  *See* Fed. R. Civ. P. 8.  Additionally, Plaintiff is not to include any exhibits or attachments.  ***The complaint must be no longer than ten (10) pages.***

## CONCLUSION

Plaintiff is **ORDERED** to pay the $402.00 filing fee or motion this Court to proceed *in forma pauperis* and file his amended complaint within **FOURTEEN (14) DAYS** from the date shown on this Order. Plaintiff is cautioned that failure to address the filing fee and file the amended complaint on time or failure to follow the instructions within this order will result in dismissal of his complaint. Fed. R Civ. P. 41(b).  It is **DIRECTED** that the Clerk of Court forward to Plaintiff a § 1983 form (with the civil action number on it) and a copy of the "Application to Proceed in District Court Without Prepaying Fees or Costs" along with this Court's service copy of this Order.

So **ORDERED and DIRECTED**, this 3rd day of February, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE